# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LINDA BIZZELL, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) NO. CIV-05-0829-HE |
| | ) |
| TARGET CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On April 12, 2005, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging her employer, Target Corporation, had reduced her hours and denied her promotions because of her age. Exhibit to Defendant's Partial Motion to Dismiss. Although the charge indicates the discrimination occurred solely on April 11, 2005, it also reflects the decline in hours occurred over "the last three years" and the denial of promotions occurred "in the last year". Id. (*compare* "DATE(S) DISCRIMINATION TOOK PLACE" *with* "THE PARTICULARS ARE"). Plaintiff specifically charged:

> Over the last three years I have seen a decline in the number of hours I am being scheduled to work. On or about December 2004 my hours were reduced to less than 1000 hours for the year. Because of the reduced hours, I lost my medical, dental and life insurance. I complained to my employer about the loss of medical. To my knowledge no corrective action has been taken. Additionally, in the last year I have been denied promotions, while younger employees have received promotion (sic) after being employed only a short period of time.

Id. Plaintiff received her right to sue letter from the EEOC on April 29, 2005. Complaint at ¶ 4.01. Thereafter, plaintiff submitted her two-weeks notice, and her employment terminated on May 20, 2005. Deposition of Linda Bizzell at 147; Complaint at ¶ 4.01.

Although plaintiff contends she was constructively discharged, the record does not reflect that plaintiff filed a new EEOC charge after her termination.

Plaintiff filed this action on July 21, 2005, seeking to represent a class of "all terminated, constructively discharged, or demoted employees who worked for the Defendant in Region 300 for a period of at least seven (7) years who were forty (40) years of age and older as of the last date of discriminatory actions taken against them and whose last date of discriminatory action occurred between May 13, 2002 and the date of this filing." Complaint at 5.02.

Defendant seeks to dismiss plaintiff's individual and class-based discharge claims for lack of jurisdiction.[1]  Defendant contends plaintiff failed to exhaust her administrative remedies regarding the termination claim and therefore cannot represent other individuals on such a claim.[2]  Defendant also argues plaintiff's class allegations must be dismissed because the only EEOC charge she did file contains no class-based allegations. In response, plaintiff asserts that "she believed she had already experienced a termination when she filed her Charge with the EEOC and she intended for her Charge of Discrimination to encompass that

---

[1]*In its brief, defendant questions whether plaintiff's claims are subject to dismissal for failure to state a claim or for lack of jurisdiction.  As defendant asserts plaintiff did not file any charge encompassing the termination or class-based claims, the court finds the proper analysis is jurisdictional.  See Davis ex re. Davis v. United States, 343 F.3d 1282, 1296 (10th Cir. 2003), cert. denied, 542 U.S. 937 (2004). Thus, the court may considers matters outside the pleadings without converting the motion to one for summary judgment.  Id.*

[2]*Defendant does not appear to question plaintiff's ability to represent demoted employees based on failure to exhaust.*

constructive discharge". Plaintiff's Response to Defendant's Partial Motion to Dismiss at 1. This argument, which is inconsistent with the language of the EEOC charge, ignores settled law that requires exhaustion for each discrete incident of discrimination. *See* Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110-13 (2002).

> In *Morgan*, this rule applied to bar a plaintiff from suing on claims for which no administrative remedy had been sought, when those incidents occurred more than 300 days *prior* to the filing of plaintiff's EEO complaint. The rule is equally applicable, however, to discrete claims based on incidents occurring *after* the filing of Plaintiff's EEO complaint.

Martinez v. Potter, 347 F.3d 1208, 1210-11 (10th Cir. 2003) (emphasis in original). Thus, whether the alleged termination occurred before plaintiff filed her charge[3] or after, she was required to exhaust that claim. For a claim to be properly exhausted, the charge filed must be "'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" Foster v. Ruhrpumpen, Inc., 365 F.3d 1191, 1195 (10th Cir. 2004) (*quoting* 29 C.F.R. § 1601.12(b)) (emphasis deleted). The only charge plaintiff filed, however, complained not of termination from employment, but rather of a reduction of hours and a failure to promote. Termination of employment is inherently different than reducing the hours worked or failing to promote. Nothing in plaintiff's EEOC charge put defendant on notice that plaintiff was challenging the discrete act of termination. Just as in Maiahy v.

---

[3]*Given that plaintiff submitted her two-weeks notice more than three weeks after she filed her EEOC charge and almost a week after the EEOC issued her right-to-sue letter, her claim that she had already been discharged before she complained to the EEOC rings hollow.*

Target Corp, Case No. CIV-03-1685-HE, the only EEOC charge filed by plaintiff was processed and closed before plaintiff's employment terminated. Thus, as in Maiahy, plaintiff was obligated to file an additional charge with the EEOC to properly exhaust the unlawful termination claim she now seeks to assert. As she did not do so, the court lacks jurisdiction over her constructive discharge claim.

Likewise, plaintiff's EEOC charge did not indicate it was being brought on behalf of a class of employees or others similarly situated; rather, the charge focused on individual wrongs and sought only individual relief. Unlike Maiahy's charge, which the court found insufficient, plaintiff's charge contains *no* references to defendant's practices with respect to other employees. Plaintiff's charge is clearly insufficient to put defendant on "notice of the 'collective or class-wide nature of the charge'"[4] or that she was seeking class-based relief.[5] As a result, as in Maiahy, the court lacks jurisdiction to entertain class allegations based on plaintiff's EEOC charge.

For the reasons set forth above, Defendant's Partial Motion to Dismiss [Doc. #36] is **GRANTED**. Plaintiff's individual discharge and class-based claims are dismissed, leaving for trial the claims that her hours were reduced and she was denied promotions due to age discrimination.

**IT IS SO ORDERED**.

---

[4] *Foster, 365 F.3d at 1199.*

[5] *In contrast, the plaintiff's charge in Foster indicated "[t]his charge is made on behalf of all others similarly situated." Foster, 365 F.3d at 1199.*

Dated this 31st day of January, 2007.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE