IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| LINDA BIZZELL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. CIV-05-0829-HE |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

In this action plaintiff Linda Bizzell alleges she was subjected to age discrimination by her former employer, Target Corporation. Specifically, she claims defendant subjected her to a hostile work environment,[1] reduced her hours to the point she was ineligible for benefits, and demoted or failed to promote her.[2] This matter is before the court on defendant's motion for summary judgment. Summary judgment is appropriate if the pleadings, affidavits, and depositions "show that there is no genuine issue as to any material

---

[1]*The court questions whether plaintiff asserted a hostile work environment claim in her complaint. The closest allegations contained in the complaint supporting a hostile work environment claim are reflected in ¶ 6.04 where plaintiff alleges defendant took adverse actions including "poor performance evaluations, progressive discipline, demotions, and ultimately terminations or constructive discharges." Complaint at ¶ 6.04 [Doc. #1]. Nonetheless, as both parties have briefed this claim, the court will address it.*

[2]*In the complaint, plaintiff also alleged she was constructively discharged by defendant. In addition, she sought to represent a class of "all terminated, constructively discharged, or demoted employees who worked for the Defendant in Region 300 for a period of at least seven (7) years who were forty (40) years of age and older as of the last date of discriminatory actions taken against them and whose last date of discriminatory action occurred between May 13, 2002 and the date of this filing." Complaint at 5.02. On January 31, 2007, the court dismissed plaintiff's wrongful discharge claim and the class-based claims for failure to exhaust her administrative remedies. Bizzell v. Target Corp., Case No. CIV-05-829-HE, order at 3-4 (W.D. Okla. Jan. 31, 2007) [Doc. #41].*

fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. Board of Education v. Pico, 457 U.S. 853, 863 (1982). Nonetheless, a party opposing a motion for summary judgment may not simply allege that there are disputed issues of fact; rather, the party must "set out *specific* facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2) (emphasis added). *See also*, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Mere conclusory allegations, without evidentiary support, do not create a genuine issue of fact. L&M Enters., Inc. v. BEI Sensors & Sys. Co., 231 F.3d 1284, 1287 (10th Cir. 2000). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). In addition, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court, however, may not make determinations of credibility nor weigh evidence, and must disregard all evidence favorable to the movant that the trier of fact would not be required to believe. Gossett v. Oklahoma, 245 F.3d 1172, 1175 (10th Cir. 2001).

The background facts as to plaintiff's employment are undisputed. Plaintiff began her employment with Target in November 1994 when she was 46 years old. Plaintiff's last day on the job was May 20, 2005. For the first five years of her employment, plaintiff worked as a sales floor team member; thereafter, she became a flow team member, which means she was responsible for stocking merchandise from the backroom onto the store floor. Exhibit 1 to Defendant Target Corporation's Motion for Summary Judgment at 32-34 [Doc. #94] (hereinafter cited as "Defendant's Motion"). Throughout her tenure, plaintiff worked at store T-45 in Midwest City, Oklahoma. From 1999 until the end of her employment, plaintiff's immediate supervisor was Lionel Howell.

On April 12, 2005, plaintiff executed Intake and Pre-Charge Questionnaires at the offices of the Equal Employment Opportunity Commission ("EEOC"). Exhibit 1-14 to Defendant's Motion. In the Questionnaires, plaintiff charged Target had discriminated against her on the basis of her age. She alleged her hours had been cut, resulting in a loss of pay and benefits, that younger workers were treated differently, and that older workers were not given promotions. Id. at 2. That same date, plaintiff filed a formal charge of discrimination which charged that:

> Over the last three years I have seen a decline in the number of hours I am being scheduled to work. On or about December 2004 my hours were reduced to less than 1000 hours for the year. Because of the reduced hours, I lost my medical, dental and life insurance. I complained to my employer about the loss of medical. To my knowledge no corrective action has been taken. Additionally, in the last year I have been denied promotions, while younger employees have received promotion after being employed only a short period of time.

3

Exhibit 1-15 to defendant's motion. After receiving her right to sue letter from the EEOC, plaintiff timely filed this action.

The ADEA makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age". 29 U.S.C. § 623(a)(1). To survive summary judgment, plaintiff must present sufficient evidence to raise a triable issue of fact as to whether "age was the 'but-for' cause of the challenged adverse employment action." Gross v. FBL Fin. Servs., Inc., 129 S. Ct. 2343, 2345 (2009). Defendant contends plaintiff cannot prevail because (1) she failed to exhaust her hostile work environment and demotion claims; (2) her failure-to-promote claim is untimely; and (3) she cannot otherwise establish a *prima facie* case of discrimination under the *McDonnell Douglas*[3] burden-shifting analysis.

The court concurs with defendant's assessment that plaintiff did not exhaust her hostile work environment or demotion claims. Exhaustion of administrative remedies is a jurisdictional prerequisite to filing an action under the ADEA. Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1306 (10th Cir. 2005). In determining whether a claim has been exhausted, the court examines "the scope of the allegations raised in the EEOC charge because '[a] plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC.'" Jones v. United Parcel Serv., Inc., 502 F.3d 1176,

---

[3]*McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).*

1186 (10th Cir. 2007) (citation omitted). Although the EEOC charge is liberally construed, the court may not supply language that does not exist; rather, in order to conclude that exhaustion has occurred, the court must find that the charge contains facts supporting the claim in question. Id. Having reviewed plaintiff's formal charge as well as the two Questionnaires completed by plaintiff, the court concludes she did not assert either a claim for hostile work environment or demotion before the EEOC. *See* Exhibits 1-3, 1-4, and 1-5 to defendant's motion. None of the documents completed by plaintiff mentions that she was demoted or complains about demotions.[4] Likewise, nothing in the documents hints that plaintiff was complaining about a "workplace . . . permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." Hall v. United States Dep't of Labor, Admin. Review Bd., 476 F.3d 847, 851 (10th Cir.), *cert. denied*, 552 U.S. 993 (2007) (quotation omitted). Rather, the documents refer only to reduced hours, unspecified different treatment of younger employees, and a failure to promote older employees. There are no allegations of ageist comments or anything approaching a pervasively ageist atmosphere. The demotion and hostile work environment claims must, therefore, be dismissed for lack of jurisdiction.

In contrast to the unexhausted claims, plaintiff did file a charge of discrimination alleging she was denied promotions. Defendant, however, contends this charge was not

---

[4]*This is consistent with plaintiff's deposition testimony in which she admits she was never demoted. Exhibit 1 to Defendant's Motion at 161.*

timely filed and so must be dismissed. The timely filing of a charge with the EEOC is not a jurisdictional prerequisite. It is, however, "a condition precedent to suit and thus a burden for plaintiffs to carry." Montes v. Vail Clinic, Inc., 497 F.3d 1160, 1167 (10th Cir. 2007) (citation omitted).[5] To be timely, a charge of discrimination must be filed with the EEOC within 300 days of the alleged discriminatory act. 29 U.S.C. § 626(d)(1)(B); Bennett v. Coors Brewing Co., 189 F.3d 1221, 1234 (10th Cir. 1999). It is undisputed that the only promotion plaintiff applied for during her tenure with Target was in 2001 or 2002,[6] which is well outside the 300-day time frame for the April 12, 2005 charge.[7] As plaintiff failed to

---

[5]*Although* Montes *arose in the Title VII context, "the filing provisions of the ADEA and Title VII are virtually in haec verba, the former having been patterned after the latter."* E.E.O.C. v. Commercial Office Prods. Co., *486 U.S. 107, 123-24 (1988) (quotation omitted).*

[6]*Exhibit 1 to Defendant's Motion at 101-2.*

[7]*In her response, plaintiff argues that "although she had not specifically applied for a promotion for several years, she testified that McClain who was the [Store Team Leader] at the time of her constructive discharge (less than 300 days prior to filing her administrative charge) repeatedly overlooked her for advancement to positions for which she was qualified, giving the promotions instead to younger employees 'groomed' for advancement." Plaintiff's Response to Defendant Target Corporation's Motion for Summary Judgment at 20-21 [Doc. #100]. Even if this argument were sufficient to establish timely exhaustion of the failure-to-promote claim, defendant would still be entitled to summary judgment.*

> *To establish a prima facie case for failure to promote, plaintiff must show, among other things, that she applied for – or at least sought – the position at issue. While the "law does not require that a plaintiff formally apply for the job in question," the law does require "that the employer be on specific notice that the plaintiff seeks employment or, where informal hiring procedures are used, that the plaintiff be in the group of people who might reasonably be interested in the particular job.*

Bennett v. Quark, Inc., *258 F.3d 1220, 1228 (10th Cir. 2001), overruled on other grounds as explained in* Boyer v. Cordant Techs., Inc., *316 F.3d 1137, 1140 (10th Cir. 2003) (citations omitted). In this case, it is undisputed that plaintiff did not notify Target that she wished to be considered for*

6

meet the filing deadline and defendant did not waive that requirement, defendant is entitled to summary judgment on plaintiff's failure-to-promote claim.

Defendant is not, however, entitled to summary judgment on plaintiff's reduction-in-hours claim. Defendant asserts plaintiff cannot establish a prima facie case with respect to this claim because her hours actually increased during the period at issue. In support of this contention, defendant offers the Declaration of Monica Hall, Target's Human Resources Manager for Group 391. Hall asserts that she reviewed the work schedules for store T-45 for the relevant time period to reach the conclusions found in her declaration. Defendant has not, however, attached certified or sworn copies of the work schedules to her affidavit.[8] Indeed, defendant did not provide the court with any copies of the documents in question. Moreover, plaintiff has objected on the basis of hearsay to the information gleaned from the documents, and defendant has not established that the documents or the information obtained therefrom are within any of the exceptions to the hearsay rule. Further, even if the technical deficiencies in defendant's submissions were remedied, plaintiff has provided evidence in the form of plaintiff's deposition testimony that her hours were reduced in the relevant time periods. In these circumstances, the court concludes justiciable questions exist as to plaintiff's reduction-in-hours claim and that summary judgment as to it should be denied.

---

*advancement. Exhibit 1 to Defendant's Motion at 113-14.*

[8]*Rule 56(e)(1) provides that "[i]f a paper or part of a paper is referred to in an affidavit, a sworn or certified copy **must** be attached to or served with the affidavit." Fed. R. Civ. P. 56(e)(1) (emphasis added).*

In sum, defendant Target Corporation's motion for summary judgment [Doc. #94] is **GRANTED** as to plaintiff's demotion, failure-to-promote, and hostile work environment claims but is otherwise **DENIED**.

**IT IS SO ORDERED.**

Dated this 26th day of July, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE